**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION (CLEVELAND)**

| | |
|---|---|
| SCHNEIDER NATIONAL CARRIERS, INC., SCHNEIDER NATIONAL LEASING, INC., and SCHNEIDER NATIONAL, INC. ) ) ) ) | **Case No. _____** |
| ) | |
| Plaintiffs, ) | |
| v. ) | **COMPLAINT** |
| ) | |
| RAPTOR AUTO TRANSPORT, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiffs, SCHNEIDER NATIONAL CARRIERS, INC. ("SNC"), SCHNEIDER NATIONAL LEASING, INC. ("SNL") and SCHNEIDER NATIONAL, INC. ("SNI") (collectively and individually, "Schneider"), by and through their attorneys, McGuireWoods LLP, for their Complaint against Defendant, RAPTOR AUTO TRANSPORT, INC. ("Raptor" or "Defendant"), state as follows:

**INTRODUCTION**

1.      Schneider bring this action to seek redress for Raptor's practice of taking and using, without authorization, Schneider's trailers, which prominently feature Schneider's registered trademarks, to transport and deliver goods in interstate commerce.  Not only has this repeated and egregious behavior allowed Raptor to convert Schneider's valuable business assets for Raptor's own purposes and unjustly enriched Raptor at Schneider's expense, but it has further allowed Raptor to falsely associate itself with the SCHNEIDER trademarks and brand, thereby misleading and confusing Schneider's customers and the public, and damaging the goodwill and reputation of SNI's trademarks as well as that of Schneider's business.

Schneider is thus entitled to remedies under both the common law and the Lanham Act, including without limitation injunctive relief, treble damages and other appropriate remedies as provided thereunder.

## PARTIES

2.      SNC is a Nevada corporation with its principal place of business located at 3101 South Packerland Drive, Green Bay, Wisconsin 54313.

3.      SNL is a Nevada corporation with its principal place of business located at 3101 South Packerland Drive, Green Bay, Wisconsin 54313.

4.      SNI is a Wisconsin corporation with its principal place of business located at 3101 South Packerland Drive, Green Bay, Wisconsin 54313.  SNI is the parent company of SNC and SNL.

5.      Raptor is a New York corporation with its principal place of business located at 4509 Taylor Lane, Warrensville Heights, Ohio 44128.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(b) because Schneider has asserted federal trademark infringement claims arising under the Lanham Act.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), insofar as Schneider consists of citizens of Nevada and Wisconsin, Raptor is a citizen of New York and Ohio, and the amount in controversy exceeds $75,000.

7.      This Court has personal jurisdiction over Raptor because it is a citizen of Ohio and transacts business in Ohio.

6.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) because Raptor resides in this District.

## FACTS COMMON TO ALL COUNTS

### *Background*

7.     SNC is a licensed motor carrier and transportation broker authorized by the Federal Motor Carrier Safety Administration to provide transportation and brokerage services in interstate commerce throughout the United States.

8.     SNC's customers engage it directly as a motor carrier to transport shipments across the United States.  When SNC is carrying loads directly as a motor carrier, it does so using trailers owned by SNL and either using employed drivers or a network of independent owner-operators who have agreed to haul loads for SNC under its operating authority.

9.     Although the freight transportation market is highly competitive, customers choose SNC as its transportation provider because of its strong industry reputation and name-brand recognition.  SNC's strong reputation as a safe and reliable carrier has been built over more than 85 years and is critical to its leading position in the transportation industry.

10.     Brokerage customers engage SNC to arrange for licensed motor carriers to transport freight at competitive prices and in accordance with other desired shipment parameters.

11.     To serve these brokerage customers, SNC's brokerage division engages third-party licensed motor carriers on a non-exclusive basis to transport freight for SNC's brokerage customers at agreed-upon rates and charges.  For a brokered load, although SNC will interface with the customer, the third-party motor carrier agrees to transport the freight with its own drivers and under its own operating authority and not SNC's.  Generally, the third-party motor carrier uses its own equipment, including the tractors and trailers, unless SNC has expressly authorized the motor carrier to use Schneider's trailers for transporting freight. Motor carriers are not permitted to use Schneider's trailers and trademarks without express authorization. Any

such authorized motor carriers must meet SNC's standards for safety and quality.

12.     Raptor is a licensed motor carrier operating under authority granted by the U.S. Department of Transportation and the Federal Motor Carrier Safety Administration, USDOT # 3268934 and MC-1031634.  Upon information and belief, Raptor transports shipments primarily or exclusively for freight brokers rather than directly for customers.

13.     Although SNC previously engaged Raptor on a non-exclusive basis to transport freight for SNC's brokerage customers, SNC deactivated Raptor as an approved motor carrier in or about July 2021 and no longer engages Raptor to provide freight transportation services for SNC's brokerage customers.

*The SCHNEIDER Trademarks*

14.     SNC is a wholly-owned subsidiary of SNI and, together with SNL and SNI's other subsidiaries and affiliates (collectively and separately, "Schneider"), operates under the SCHNEIDER and SCHNEIDER NATIONAL trade names and brands.

15.     Schneider is well-known throughout the United States as a leading transportation company with a fleet of highly recognizable, bright orange trailers.  Due to their unique color scheme and prominent logo, Schneider's commercial trucks and trailers are among the most recognizable on the road, especially by consumers in the transportation space.

16.     Schneider has used the trademarks SCHNEIDER and SCHNEIDER NATIONAL since at least as early as 1983. Schneider has also used the following SCHNEIDER and SCHNEIDER NATIONAL logos

 

(collectively, the "Schneider Logos," and together with the SCHNEIDER and SCHNEIDER NATIONAL word marks the "SCHNEIDER Marks") for decades in connection with its transportation and related services.

17.     As a result of its continuous and exclusive use of the SCHNEIDER Marks to identify Schneider's products and services, SNI owns valid and subsisting federal statutory and common law rights in the SCHNEIDER Marks.

18.     To protect its valuable trademarks, SNI has obtained numerous United States Patent and Trademark Office ("USPTO") registrations for different trademarks incorporating the SCHNEIDER Marks in the United States.  These United States registrations include but are not limited to those listed in the following table, which sets out some (but not all) of the goods and services covered by these registrations:

| Mark | Services | Reg. No.<br>Filing Date<br>Registration Date |
|---|---|---|
|  | Int'l Cl. 39: Transportation of goods by truck | Reg. No. 2,347,642<br>Filed: May 7, 1998<br>Registered: May 2, 2000 |
|  | Int'l Cl. 39: Transportation of goods by truck | Reg. No. 2,409,128<br>Filed: May 7, 1998<br>Registered: Nov. 28, 2000 |
|  | Int'l Cl. 39: Transportation and shipping services, namely, freight transportation by truck, rail, air, and sea; Transloading and distribution services, namely, delivery of goods, namely, consumer products, manufactured parts, food, clothing, raw materials, pharmaceuticals, clothing and textiles, building materials, paper products, toys, liquids, beverages, fuel, glass, | Reg. No. 6,947,747<br>Filed: Dec. 8, 2021<br>Registered: Jan. 10, 2023 |

| | computers, and appliances; Distribution services, namely, delivery of food, clothing, raw materials, pharmaceuticals, textiles, building materials, paper products, toys, liquids, beverages, fuel, glass, computers, and appliances; Supply chain logistics services, namely, storage, transportation and delivery of goods for other by air, rail, ship or truck | |
|---|---|---|
| SCHNEIDER LOGISTICS | Int'l Cl. 39: Transportation and shipping services, namely, the transportation and shipping of goods by air, road, rail and sea; transloading and distribution services, namely, delivery of goods, namely, consumer products, manufactured parts, food, clothing, raw materials, pharmaceuticals, clothing and textiles, building materials, paper products, toys, liquids, beverages, fuel, glass, computers, and appliances; distribution services, namely, delivery of food, clothing, raw materials, pharmaceuticals, textiles, building materials, paper products, toys, liquids, beverages, fuel, glass, computers, and appliances | Reg. No. 5,453,502 Filed: Oct. 9, 2017 Registered: Feb. 6, 2018 |
| SCHNEIDER TRANSPORTATION MANAGEMENT | Int'l Cl. 39: Transportation and shipping services, namely, freight transportation by truck, train, plane and boat. | Reg. No. 3,091,107 Filed: March 3, 2004 Registered: May 9, 2006 |
| SCHNEIDER SUPPLY CHAIN MANAGEMENT | Int'l Cl. 39: Transportation and shipping services, namely, freight transportation by truck, train, plane and boat. | Reg. No. 3,442,180 Filed: March 3, 2004 Registered: June 3, 2008 |

19.     As noted in the chart above, several of the registered SCHNEIDER Marks have

obtained incontestable status under the Lanham Act, 15 U.S.C. § 1064, which is conclusive evidence of the validity of those marks, of SNI's registration and ownership of those marks, and of Schneider's exclusive right to use those marks in the United States.  All of SNI's federal trademark registrations in the chart above are *prima facie* evidence of the validity of these marks, SNI's ownership of thereof, and of Schneider's exclusive right to use these marks in connection with the registered services in the United States.

20.     The SCHNEIDER Marks have become well-known amongst Schneider's customers and the consuming public. Schneider also enjoys common law rights in the SCHNEIDER Marks through its extensive advertisement and use of the SCHNEIDER Marks in connection with its provision of transportation and related services continuously across the United States for decades.

21.     As a result of Schneider's longstanding use and promotion of the SCHNEIDER Marks, and through favorable industry acceptance and recognition, the SCHNEIDER Marks are now widely recognized by the general consuming public as a designation identifying Schneider and its transportation and related services.  Both the general public nationwide and customers in the transportation industry have come to recognize and associate the SCHNEIDER Marks exclusively with Schneider's high-quality transportation and brokerage services.

22.     Accordingly, the SCHNEIDER Marks are assets of incalculable value and represent highly valuable goodwill owned by Schneider.

### *Raptor's Unlawful Possession and Misappropriation of Schneider's Trailers*

23.     As part of its business, SNC often leaves empty trailers bearing the SCHNEIDER Marks at customer locations for those customers to load their freight onto the trailers.  SNC's

purpose in doing so is to allow its customers to load the trailers and contact SNC for transportation once the trailers are fully loaded.

24.     Even when SNC leaves empty trailers at a customer location, SNC maintains ownership over the trailers and does not allow unauthorized parties to use the trailers.  On occasion, SNC will also provide express authorization to a third-party motor carrier to use the trailers to transport freight at agreed-upon rates and charges.

25.     Schneider identifies its trailers by number and tracks the movement of its trailers through satellite technology using a proprietary system known as Trailing Unit Management ("TUM") and, in collaboration therewith, an additional satellite tracking system known as Skybitz GPS Asset ("Skybitz" and, collectively with TUM, the "Tracking Technology").  When a Schneider trailer is not assigned to a load authorized by SNC, the Tracking Technology tracks the location of the trailer and can determine whether the trailer is loaded or empty.  This Tracking Technology allows Schneider's internal security team to determine if any of the trailers are being used by another carrier without Schneider's authorization.

26.     Since at least April 2021, Raptor has systematically misappropriated dozens of empty Schneider trailers at various locations throughout the United States.  Specifically, Raptor has regularly and unlawfully taken possession of such empty trailers and instructed its drivers to use the trailers, without Schneider's authorization, to transport freight for the benefit of other brokers and customers unrelated to Schneider's business.

27.     Based on its Tracking Technology, Schneider is aware when a trailer is in transit without being part of a Schneider-assigned shipment or other movement.  Schneider has investigated these incidents and has obtained statements from customers, brokers and other third

parties as well as photographic evidence that Raptor drivers have connected these Schneider trailers to their tractors and transported the trailers without Schneider's authorization.

28.     On or around July 5, 2021, Schneider sent Raptor a cease-and-desist letter demanding Raptor to immediately stop utilizing, transporting, or connecting to any Schneider trailers or other equipment, as well as making it clear that no other individual or entity has actual, implied, or apparent authority to grant Raptor permission to use Schneider's equipment for any reason.  A true and correct copy of Schneider's July 5, 2021 letter to Raptor is attached as **Exhibit 1.**

29.     Raptor ignored the July 5, 2021 cease-and-desist letter and continued to misappropriate Schneider's trailers, so Schneider sent Raptor another cease-and-desist letter on or around June 14, 2022, reiterating its demand that Raptor immediately stop utilizing, transporting, or connecting to any trailers or other equipment.  A true and correct copy of Schneider's June 14, 2022 letter to Raptor is attached as **Exhibit 2.**

30.     Raptor ignored the June 14, 2022 cease-and-desist letter as well and continued to misappropriate the trailers, forcing Schneider to engage outside counsel who sent Raptor a third cease-and-desist letter on or around October 28, 2022.  A true and correct copy of the October 28, 2022 letter to Raptor is attached as **Exhibit 3.**

31.     Notwithstanding the cease-and-desist letters, Raptor continues to misappropriate Schneider's trailers for Raptor's benefit and without Schneider's authorization.  Through its investigation, Schneider is aware that Raptor has taken unlawful possession and misappropriated at least 27 trailers (collectively, the "Misappropriated Trailers").  Upon information and belief, Raptor's  unlawful  conduct  has  deprived  Schneider  from  possessing  or  using  the

Misappropriated Trailers for a combined total of over 1,500 days as set forth below:

a. Schneider trailer number: **TA199188** – from April 12, 2021 to April 23, 2021 (*12 days*);

b. **TA150892** – from June 19, 2021 to June 21, 2021 (*3 days*);

c. **TA208090** – from June 26, 2021 to July 23, 2021 (*28 days*);

d. **TA160735** – from December 10, 2021 to February 9, 2022 (*62 days*);

e. **TA199054** – from March 10, 2022 to July 6, 2022 (*119 days*);

f. **TA163334** – from April 1, 2022 to July 13, 2022 (*104 days*);

g. **TA190072** – from April 7, 2022 to August 12, 2022 (*128 days*);

h. **TA205702** – from April 12, 2022 to July 25, 2022 (*105 days*);

i. **TA205807** – from April 21, 2022 to July 27, 2022 (*98 days*);

j. **TA206233** – from April 30, 2022 to June 20, 2022 (*52 days*);

k. **TA205381** – from May 2, 2022 to August 25, 2022 (*116 days*);

l. **TA148917** – from May 19, 2022 to October 6, 2022 (*141 days*);

m. **TA143635** – from May 1, 2022 to September 12, 2022 (*134 days*);

n. **TA208126** – from July 14, 2022 to July 20, 2022 (*7 day*s);

o. **TA177780** – from July 14, 2022 to August 12, 2022 (*30 days*);

p. **TA133668** – from July 26, 2022 to August 18, 2022 (*23 days*);

q. **TA205958** – from August 16, 2022 to August 23, 2022 (*8 days*);

r. **TA204912** – from August 18, 2022 to November 18, 2022 (*93 days*);

s. **TA 209531** – from August 26, 2022 to September 9, 2022 (*15 days*);

t. **TA143601** – from October 6, 2022 to October 20, 2022 (*15 days*);

u. **TA209932** – from October 6, 2022 to November 18, 2022 (*44 days*);

v. **TA178591** – from October 8, 2022 to November 4, 2022 (*28 days*);

w. **TA151197** – from October 11, 2022 to November 12, 2022 (*33 days*);

    x.  **TA204533** – from November 24, 2022 to December 21, 2022 (*28 days*);

    y.  **D55187** – from December 13, 2022 to January 6, 2023 (*24 days*);

    z.  **TA209771** –from January 15, 2023 to January 27, 2023 (*13 days*); and

    aa.  **TA215429** – from December 1, 2022 to present (*more than 92 days*).

32.    In many instances, Schneider has located the Misappropriated Trailers abandoned hundreds of miles from their original destinations or, in some instances, being used as storage facilities by Raptor customers.  Upon identifying such misappropriated equipment, Schneider engages in diligent efforts and expends significant resources in order to locate and repossess its equipment.

33.    By way of example, Trailer No. TA160735 was last used by an authorized carrier on December 8, 2021 to transport freight to an Amazon facility in Baltimore, Maryland.  The Tracking Technology records show that this trailer left the Amazon facility without being assigned a load by SNC.  About a month later, Schneider used the Tracking Technology and located this trailer at a truck parking yard in Fayetteville, North Carolina, approximately 350 miles from its original, authorized location in Baltimore, Maryland.  During the course of its investigation, Schneider identified Raptor as the carrier that misappropriated this trailer.  Indeed, after Schneider recovered the trailer, a Raptor representative contacted Schneider to request access to the trailer because it was loaded with freight that Raptor was scheduled to deliver to Raptor's customer.  This trailer was not unloaded and returned to Schneider's possession until on or around February 9, 2022, two months after Raptor initially took the trailer without Schneider's authorization.

34.    Raptor's misappropriation and unauthorized use of the Misappropriated Trailers has caused Schneider to expend significant resources and time in its efforts to investigate and

locate each of the Misappropriated Trailers, as well as repossess and return each of the Misappropriated Trailers to Schneider.  Once the Misappropriated Trailers were returned to Schneider's possession, Schneider further expended significant resources and time to repair and remedy any damages (including wear and tear) suffered by the Misappropriated Trailers while in Raptor's possession, custody, or control.

35.    Raptor's misappropriation and unauthorized use of the Misappropriated Trailers has deprived Schneider of its ability to use the Misappropriated Trailers for its own business, thereby causing Schneider to suffer from a decline in revenue and profit that would have been generated through the normal course of business had each of the Misappropriated Trailers remained in Schneider's possession.

36.    Raptor's misappropriation and unauthorized use of the Misappropriated Trailers has caused each of the Misappropriated Trailers to suffer from wear and tear, thus causing each of the Misappropriated Trailers to depreciate in value without providing Schneider with any compensation, which would not have occurred had each of the Misappropriated Trailers remained in Schneider's possession.

37.    Raptor has benefitted from the use of the Misappropriated Trailers because it has been able to transport shipments for customers without being required to supply or maintain its own equipment, again without having to provide any compensation to Schneider.

### *Raptor's Infringement of the SCHNEIDER Marks*

38.    Raptor's unlawful possession and misappropriation of Schneider's SCHNEIDER branded trailers for Raptor's own use in transporting freight overlap with, or are natural extensions of, the transportation and brokerage services provided by SNC and are directly competitive with those services.

39.     Each time Raptor unlawfully possesses and uses a Schneider trailer to transport freight, the SCHNEIDER Marks are prominently displayed on the trailer, and used in connection with the transportation services provided by Raptor, thus falsely associating Raptor's transportation services with Schneider.  As Raptor is misappropriating Schneider's trailers, the marks on the misappropriated trailers are the identical SCHNEIDER Marks.  As used by Raptor in connection with its transportation and related services, the SCHNEIDER Marks are referred to collectively as the "Misappropriated Marks."

40.     Raptor is using the Misappropriated Marks to offer competing and counterfeit transportation services under the SCHNEIDER Marks.   The Misappropriated Marks are identical to the SCHNEIDER Marks and therefore, when used in connection with Raptor's transportation services, they are highly likely to cause confusion to, mistake by, or deception of the relevant consuming public.  This potential for customer confusion is exacerbated by the fact that Schneider prominently displays the SCHNEIDER Marks on its trailers in very large font, while the tractor used by the motor carrier transporting the trailer typically displays its name and Department of Transportation number in a much smaller font, which from the customers' perspective is much harder to see and distinguish from the SCHNEIDER Marks prominently displayed on the trailer.  As such, customers and brokers responsible for selecting the carriers to transport freight will likely believe that Raptor's transportation services are in some way associated with or connected with Schneider, or approved, sponsored, or authorized by Schneider, when a Raptor truck is hauling a trailer that displays the SCHNEIDER Marks.

41.     Upon information and belief, Raptor's acts are willful and were undertaken with the deliberate attempt to trade on the goodwill of Schneider's SCHNEIDER Marks and cause confusion, and deception in the marketplace and divert potential sales away from Schneider and

to Raptor.

42.     In addition, Raptor's use of the SCHNEIDER Marks is likely to tarnish and damage Schneider's reputation because individuals who observe a trailer displaying the SCHNEIDER Marks and being driven erratically or recklessly by a Raptor tractor are likely to mistakenly believe that a Schneider-affiliated driver is unsafely operating the truck due to the prominent SCHNEIDER Marks displayed on the trailer.  Moreover, if a Raptor truck is involved in a vehicular accident while hauling a trailer that displays the SCHNEIDER Marks, customers and the general public are likely to mistakenly believe that Schneider was responsible for the vehicular accident.

43.     During the relevant time period, Schneider has not authorized Raptor's use in commerce, either directly or indirectly, of its valuable SCHNEIDER Marks in connection with Raptor's services.

44.     Raptor's egregious misuse and infringement of the SCHNEIDER Marks has caused, or is likely to cause, great and irreparable injury to Schneider, including irreparable injury to the goodwill and reputation embodied in those marks, for which Schneider has no adequate remedy at law.

45.     Upon information and belief, Raptor will continue to commit the acts complained of unless enjoined.

46.     Upon information and belief, Raptor's acts were deliberately and intentionally carried out in bad faith, or with a reckless disregard for or willful blindness to Schneider's rights in the SCHNEIDER Marks for the purpose of trading on Schneider's reputation embodied in those marks.

47.     The willful nature of Raptor's unlawful acts renders this an "exceptional case," entitling the Schneider Plaintiffs to an award of statutory damages, profits, treble damages, and attorneys' fees under at least 15 U.S.C. § 1117(a), among other remedies under the common law.

## COUNT I
## CONVERSION

48.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

49.     SNL is the owner of the Misappropriated Trailers and has immediate right to their possession.

50.     Raptor is not the rightful owner of any of the Misappropriated Trailers and had no right of their use or possession.

51.     Raptor took wrongful possession of the Misappropriated Trailers and deprived Schneider from possessing and using the Misappropriate Trailers during various time periods. Upon information and belief, Raptor's unlawful conduct has deprived Schneider from possessing or using the Misappropriated Trailers during the time periods set forth below:

a.     **TA199188** – from April 12, 2021 to April 23, 2021 (*12 days*);

b.     **TA150892** – from June 19, 2021 to June 21, 2021 (*3 days*);

c.     **TA208090** – from June 26, 2021 to July 23, 2021 (*28 days*);

d.     **TA160735** – from December 10, 2021 to February 9, 2022 (*62 days*);

e.     **TA199054** – from March 10, 2022 to July 6, 2022 (*119 days*);

f.     **TA163334** – from April 1, 2022 to July 13, 2022 (*104 days*);

g.     **TA190072** – from April 7, 2022 to August 12, 2022 (*128 days*);

h.     **TA205702** – from April 12, 2022 to July 25, 2022 (*105 days*);

i.   **TA205807** – from April 21, 2022 to July 27, 2022 (*98 days*);

j.   **TA206233** – from April 30, 2022 to June 20, 2022 (*52 days*);

k.   **TA205381** – from May 2, 2022 to August 25, 2022 (*116 days*);

l.   **TA148917** – from May 19, 2022 to October 6, 2022 (*141 days*);

m.  **TA143635** – from May 1, 2022 to September 12, 2022 (*134 days*);

n.   **TA208126** – from July 14, 2022 to July 20, 2022 (*7 day*s);

o.   **TA177780** – from July 14, 2022 to August 12, 2022 (*30 days*);

p.   **TA133668** – from July 26, 2022 to August 18, 2022 (*23 days*);

q.   **TA205958** – from August 16, 2022 to August 23, 2022 (*8* days);

r.   **TA204912** – from August 18, 2022 to November 18, 2022 (*93 days*);

s.   **TA 209531** – from August 26, 2022 to September 9, 2022 (*15* days);

t.   **TA143601** – from October 6, 2022 to October 20, 2022 (*15 days*);

u.   **TA209932** – from October 6, 2022 to November 18, 2022 (*44 days*);

v.   **TA178591** – from October 8, 2022 to November 4, 2022 (*28 days*);

w.  **TA151197** – from October 11, 2022 to November 12, 2022 (*33 days*);

x.   **TA204533** – from November 24, 2022 to December 21, 2022 (*28 days*);

y.   **D55187** – from December 13, 2022 to January 6, 2023 (*24 days*);

z.   **TA209771** – from January 15, 2023 to January 27, 2023 (*13 days*); and

aa. **TA215429** – from December 1, 2022 to present (*more than 92 days*).

52.     Raptor took actions in an effort to willfully interfere with Schneider's efforts to lawfully recover the Misappropriated Trailers without judicial intervention, thus depriving Schneider of the right to use and possess the Misappropriated Trailers.

53.     Raptor had no right or lawful justification to use or maintain possession or control of the Misappropriated Trailers without Schneider's permission.

54.     Schneider demanded that Raptor cease and desist from using and/or possessing any and all Schneider trailers, including without limitation the Misappropriated Trailers, but Raptor refused to comply with Schneider's demand and continued to take wrongful possession of and use Schneider's trailers for Raptor's own benefit and to the detriment of Schneider.

55.     As a result of Raptor's wrongful conversion of Schneider's trailers, including without limitation the Misappropriated Trailers, Schneider has been damaged in an amount to be proven at trial, plus attorneys' fees and costs and collection agency costs, as well as all other relief this Court deems fair, just, and equitable.

## COUNT II
## TRESPASS TO CHATTEL

56.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

57.     SNL is the owner of the Misappropriated Trailers and has immediate right to their possession.

58.     Raptor is not the rightful owner of any of the Misappropriated Trailers and had no right of their use or possession.

59.     Since at least April 2021, Raptor has unlawfully trespassed and/or interfered with Schneider's use, possession and control of the Misappropriated Trailers during various time periods.

60.     Raptor had no right or lawful justification to trespass and/or interfere with Schneider's possession or control of the Misappropriated Trailers without permission from Schneider.

61.     Schneider demanded that Raptor cease and desist from trespassing or interfering with its possession or control of Schneider's trailers, including without limitation the Misappropriated Trailers, but Raptor refused to comply with Schneider's demand and continued to trespass and interfere with their possession and control of Schneider's trailers for Raptor's own benefit and to the detriment of Schneider.

62.     As a result of Raptor's trespass and/or interference with Schneider's possession or control of Schneider's trailers, including without limitation the Misappropriated Trailers, Schneider has been damaged in an amount to be proven at trial, plus attorneys' fees and costs and collection agency costs, as well as all other relief this Court deems fair, just, and equitable.

## COUNT III
## UNJUST ENRICHMENT

63.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

64.     By possessing and using Schneider's trailers, including without limitation the Misappropriated Trailers, to haul freight for its customers, Raptor received benefits from Schneider to which it was not entitled.

65.     Raptor's use and retention of these benefits – usage of Schneider's trailers to haul freight – at Schneider's expense would be inequitable if Raptor were allowed to retain said benefits without payment or compensation to Schneider of the value thereof.

66.     By failing to make payments to Schneider for using its trailers, including without limitation the Misappropriated Trailers, Raptor has been unjustly enriched in an amount to be proven at trial, plus attorneys' fees and costs and collection agency costs, as well as all other relief this Court deems fair, just, and equitable.

## COUNT IV
## TRADEMARK INFRINGEMENT UNDER THE LANHAM ACT

67.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

68.     Raptor is using the Misappropriated Marks in commerce, in connection with the distribution of goods and/or services that do not originate with, and are not sponsored by or affiliated with, Schneider.

69.     Raptor's actions are likely to cause confusion, mistake, or deception as to the source of the origin of the services offered by Raptor in connection with the Misappropriated Marks, in that consumers, customers and potential customers are likely to believe that those services offered by Raptor in connection with the Misappropriated Marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Schneider, when there is no such relationship.

70.     Raptor's use of the Misappropriated Marks is willful.

71.     As a direct and proximate result of the likely confusion, mistake, or deception, Schneider has suffered and will continue to suffer irreparable harm if Raptor's conduct is not enjoined.

72.     The likely confusion, mistake, or deception caused by Raptor is willful and is in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

## COUNT V
## COUNTERFEITING UNDER THE LANHAM ACT

73.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

19

74.     The Misappropriated Marks used by Raptor are identical to the SCHNEIDER Marks, insofar as Raptor has taken unlawful possession of equipment containing the SCHNEIDER Marks and using such equipment to transport freight for Raptor's benefit.

75.     The Misappropriated Marks are used by Raptor in connection with the types of goods and/or services offered by Schneider and covered by SNI's trademark registrations.

76.     Raptor's use of the Misappropriated Marks is likely to cause confusion, mistake, or deception as to the source of origin of the services offered by Raptor in connection with the Misappropriated Marks, in that customers and potential customers are likely to believe that those services offered by Raptor in connection with the Misappropriated Marks are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Schneider, when there is no such relationship.

77.     Raptor's provision of counterfeit services using the SCHNEIDER Marks is willful and deliberate.  Schneider is entitled to statutory damages of up to $2 million per counterfeit mark per type of good, and attorneys' fees, trebled damages, and costs.

**COUNT VI**
**UNFAIR COMPETITION & FALSE DESIGNATION OF ORIGIN**

78.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

79.     Raptor's use of the Misappropriated Marks constitutes use of terms, names, symbols, and devices, and use of false designations of origin, all of which are likely to cause confusion, mistake, or deception as to the source of origin of the goods and services provided by Raptor, in that customers and potential customers are likely to believe that such goods and/or services are provided by, sponsored by, approved by, licensed by, affiliated or associated with, or in some other way legitimately connected to Schneider, when there is no such relationship.

80.     As a direct and proximate result of the likely confusion, mistake, or deception, Schneider has suffered and will continue to suffer irreparable harm if Raptor's conduct is not enjoined.

81.     The likely confusion, mistake, or deception caused by Raptor is willful and is in violation of section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

### COUNT VII
### COMMON LAW TRADEMARK INFRINGEMENT
### AND UNFAIR COMPETITION

82.     Schneider reasserts and realleges Paragraphs 1 through 47 of the Complaint as though fully set forth herein.

83.     This cause of action arises under Ohio's common law of trademark infringement and unfair competition.

84.     Raptor's use of the Misappropriated Marks constitutes common law trademark infringement and unfair competition in violation of common law.

85.     Upon information and belief, Raptor's acts of common law trademark infringement and unfair competition have been done willfully and deliberately, and Raptor has profited and been unjustly enriched that Raptor would not otherwise have received if not for their unlawful conduct.

86.     Raptor's willful and deliberate acts described above have caused injury and damages to Schneider, and have caused irreparable injury to Schneider's goodwill and reputation and, unless enjoined, will cause further irreparable injury for which Schneider has no adequate remedy at law.

WHEREFORE, Schneider prays for judgment against Raptor as follows:

A.     Preliminarily and permanently enjoining and restraining Raptor, its directors, members, officers, agents, servants, employees, parents, subsidiaries, affiliates, and all persons in

active concert or participation with, through, or under them, at first during the pendency of this action and thereafter perpetually:

    i.    from committing any acts of trademark infringement, counterfeiting, and unfair competition, and from implying a false designation of origin or a false description or representation with respect to the SCHNEIDER Marks;

    ii.    from using in any manner trailers, signs, websites, or other advertising or promotional materials, or other materials bearing the SCHNEIDER Marks and the Misappropriated Marks, or any other marks, words, or names that are confusingly similar thereto;

    iii.    from making any statements on promotional materials or advertising for its goods or services that are false or misleading as to source or origin or affiliation with, sponsorship by, or connection to Schneider; and

B.    Requiring that Raptor, within thirty (30) days after service of notice of entry of judgment or issuance of an injunction pursuant thereto, file with the Court and serve upon Schneider's counsel a written report, under oath, setting forth details of the manner in which Raptor has complied with the Court's order pursuant to paragraph A above;

C.    Requiring Raptor to account for and pay over to Schneider all damages sustained by Schneider as a result of Raptor's willful infringement and unfair competition, including Schneider's actual damages, lost licensing fees and royalties, disgorgement of Raptor's profits, Schneider's attorney's fees and costs, and ordering that the amount of damages awarded to Schneider be increased three times the amount thereof pursuant to 15 U.S.C. §§ 1117(a) and 1125;

D.    Requiring Raptor to pay statutory damages of up to $2 million per Misappropriated Mark per type of good sold, offered for sale or distributed pursuant to 15 U.S.C. § 1117(c);

E.      Requiring Raptor to pay over to Schneider all damages recoverable for Raptor's unlawful conversion and interference with Schneider's right of possession with respect to Schneider's trailers, including without limitation the Misappropriated Trailers;

F.      Requiring Raptor to pay over to Schneider all damages recoverable for all amounts that Raptor has been unjustly enriched by their use and possession of Schneider's trailers, including without limitation the Misappropriated Trailers;

G.      Requiring Raptor to immediately return to Schneider all trailers owned by Schneider that are in Raptor's possession, custody, or control, including without limitation any Misappropriated Trailers that have not been returned to Schneider at a location acceptable to Schneider;

H.      Requiring Raptor to reimburse all costs incurred by Schneider in connection with investigating, locating, repossessing, and/or returning Schneider's trailers that were wrongfully in Raptor's possession, custody, or control, including without limitation the Misappropriated Trailers;

I.      Requiring Raptor to reimburse all costs incurred by Schneider for repairing or remedying any damages or diminution of value caused by Raptor's use of Schneider's trailers that were wrongfully in Raptor's possession, custody, or control, including without limitation the Misappropriated Trailers;

J.      Ordering that Schneider recover the costs of this action, together with reasonable attorneys' fees and prejudgment interest in accordance with 15 U.S.C. § 1117; and

K.      Awarding Schneider such other and further relief as this Court deems just and proper.

Date:  March 8, 2023

Respectfully submitted,

/s/ *Branden P. Moore*
Branden P. Moore (0092716)
MCGUIREWOODS LLP
260 Forbes Avenue, Suite 1800
Pittsburgh, Pennsylvania 15222
(412) 667-6000
(412) 667-6050 (Fax)
bmoore@mcguirewoods.com

Michael R. Phillips (*pro hac vice forthcoming*)
MCGUIREWOODS LLP
77 W. Wacker Dr. – 41st Floor
Chicago, Illinois 60601
(312) 849-8100
(312) 849-3690 (Fax)
mphillips@mcguirewoods.com

*Attorneys for Plaintiffs*
*Schneider National Carriers, Inc.,*
*Schneider National Leasing, Inc., and*
*Schneider National, Inc.*